UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

YIN HUA YE,                                :

                      Plaintiff,   :

                                 :       25 Civ. 9280 (LGS)

          -against-           :

                                 :       **ORDER**

EVEN HOTEL 35, LLC D/B/A EVEN HOTEL  :
NEW YORK - TIMES SQUARE SOUTH et al.,  :
                    Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this Order addresses Plaintiff's motion to remand this removed action to state court.

**Procedural History**

WHEREAS, on September 24, 2025, Plaintiff filed an action in the Supreme Court of the State of New York, County of New York, against Defendants Even Hotel 35, LLC d/b/a Even Hotel New York - Times Square South (the "Hotel"); InterContinental Hotels Group PLC ("IHG PLC"); Hotel and Gaming Trades Council, AFL-CIO (the "Union"); Jose Hernandez and John Does and Jane Does 1-10, who at the time were unknown officers, managers, supervisors, agents or employees of the Hotel, IHG PLC or the Union.

WHEREAS, the Complaint alleges in substance the following facts and causes of action:

(1)      that Plaintiff, an employee of Defendant Hotel, was subjected to a hostile work environment and sexual harassment by another employee, Defendant Jose Hernandez, who was terminated as a result, but then reinstated (First Cause of Action for sexual harassment under federal and state law against Hernandez, the Hotel, Jane Does and John Does);

(2)      that following her complaints, the Hotel and its Jane and John Doe managers

retaliated against Plaintiff (Second Cause of Action for retaliation under federal and state law against the Hotel, Jane Does and John Does);

(3)     that Defendants Hotel and IHG PLC engaged in negligent hiring, retention and supervision of Hernandez (Third Cause of Action for negligent hiring, retention and supervision, under state law against the Hotel and IHG PLC);

(4)     that the Union breached its duty of fair representation ("DFR") of Plaintiff in an arbitration proceeding commenced by Hernandez to challenge his termination (Fourth Cause of Action under federal and state law against the Union) and

(5)     that the foregoing caused Plaintiff severe emotional distress (Fifth Cause of Action for intentional infliction of emotional distress under state law against all Defendants).

WHEREAS, on October 15, 2025, the Union was served with the Summons and Complaint.  On November 6, 2025, the Union filed a Notice of Removal, removing the state action to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREAS, on December 4, 2025, Plaintiff timely filed a motion to remand this action to state court.  The Union opposed on December 23, 2025.  Plaintiff replied on January 5, 2026.

WHEREAS, on January 22, 2026, Plaintiff filed a letter motion requesting permission to file a motion for an extension of time to effect service on the unserved Defendants.  Plaintiff has not served IHG PLC, Hernandez or the Doe Defendants.  Although Plaintiff served the Hotel, Plaintiff had not yet filed an affidavit of service prior to removal.  In the same letter, Plaintiff stated her intention to seek leave to amend the Complaint to correct the name of Defendant Hernandez prior to service.

2

**Subject Matter Jurisdiction Over the Claims Against the Union**

WHEREAS, if a federal district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).  Subject matter jurisdiction is determined as to each individual claim.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek.");[1] *accord Dolce v. Pezzola*, No. 23 Civ. 10049, 2025 WL 3652958, at *5 (S.D.N.Y. Dec. 17, 2025).

WHEREAS, a federal district court has original subject matter jurisdiction over claims arising under federal law.  28 U.S.C. § 1331.

WHEREAS, a federal district court has supplemental jurisdiction over state law claims when they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011).  "In determining whether two disputes arise from a common nucleus of operative fact, [courts] have traditionally asked whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court."  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006); *accord McGrier v. City of New York*, No. 16 Civ. 5667, 2019 WL 1115053, at

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

3

*12 (S.D.N.Y. Mar. 11, 2019), *aff'd*, 849 F. App'x 268 (2d Cir. 2021).

WHEREAS, the Court has subject matter jurisdiction over the claims in this action. The First, Second and Fourth Causes of Action claim violations of federal law as well as state law. Specifically, the Court has federal subject matter jurisdiction over the hostile work environment / sexual harassment claim and the retaliation claim brought under Title VII, 42 U.S.C. §§ 2000e *et seq*., and over the breach of fair representation claim brought under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169. The New York law component of these claims, as well as the Third and Fifth Causes of Action, derive from a common nucleus of operative fact as the federal claims. Accordingly, this Court has subject matter jurisdiction over all of the claims in this case.

**Procedural Requirements for Removal**

WHEREAS, the Union's removal of this action satisfies the procedural requirements for removal. Federal courts must "construe removal statutes strictly and resolve doubts in favor of remand." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013); *accord Hailemariam v. Nat'l Passenger R.R. Corp.*, No. 22 Civ. 1503, 2022 WL 1591902, at *4 (S.D.N.Y. May 19, 2022).

WHEREAS, a notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The Union's Notice of Removal states the grounds for removal, including arguments that section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts claims against the Union, that the NLRA claim arises under federal law and that other claims against the Union fall under the

4

Court's supplemental jurisdiction.

WHEREAS, venue is proper in this district court pursuant to 28 U.S.C. § 1446(a) because this action was brought in New York County, which is within the Southern District of New York.

WHEREAS, a notice of removal must be filed "within 30 days" after a defendant is served with a copy of the initial pleading in the state court action. *Id.* § 1446(b)(1). The notice of removal was timely filed on November 6, 2025, within thirty days of service on October 15, 2025.

WHEREAS, "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). This requirement is satisfied because the Union and Hotel are the only Defendants that at the time of removal had been served in this action. The Notice of Removal includes the Hotel's and IHG PLC's consent for removal, without waiving service.

WHEREAS, promptly after the filing of a notice of removal, a defendant must "give written notice thereof to all adverse parties" and "file a copy of the notice with the clerk of [the] State court." *Id.* § 1446(d). This requirement is satisfied. On November 6, 2025, the Union filed the Notice of Removal in the Supreme Court of the State of New York, County of New York. On November 7, 2025, the Union filed an affidavit of service of the Notice of Removal on the attorneys for Plaintiff, the adverse party, as well as attorneys for the Hotel.

**Plaintiff's Arguments**

WHEREAS, Plaintiff's preemption argument is misplaced. Plaintiff argues that DFR

claims are not automatically preempted unless their resolution requires interpreting a collective bargaining agreement.  The Second Circuit has stated, "There is no evidence that the NLRA's duty of fair representation was designed or intended to preempt state laws focused on combatting invidious discrimination, such as the NYSHRL," and "the NLRA's duty of fair representation does not preempt the NYSHRL."  *Figueroa v. Foster*, 864 F.3d 222, 233, 236 (2d Cir. 2017).  But that does not mean removal was improper here.  The Fourth Cause of Action explicitly alleges inadequate representation "under the National Labor Relations Act," and therefore states a claim under federal law, with no need for federal preemption as the basis for federal jurisdiction.  *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (explaining that "[t]he duty of fair representation is a statutory obligation under the NLRA, requiring a union to serve the interests of all members without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct," and holding that a union member "stated a claim against the [union] under the NLRA for breach of the duty of fair representation").  The Court has original subject matter jurisdiction over the NLRA claim, regardless of whether or not it preempts other claims.  The Court has original or supplemental jurisdiction over all of the claims as explained above, regardless of any preemption.

WHEREAS, Plaintiff argues that even if there is federal subject matter jurisdiction over the DFR claim, the remaining claims must be severed and remanded, because they involve facts unrelated to the Union, no federal statutes and no labor contract interpretation. That argument is incorrect.  As discussed above, the First, Second and Fourth Causes of Action assert claims under federal and state law.  The New York law component of these

claims, as well as the Third and Fifth Causes of Action, derive from a common nucleus of operative fact with the federal claims.  Accordingly, this Court has original subject matter jurisdiction or supplemental jurisdiction over all of the claims in this case.  It is hereby

ORDERED that Plaintiff's motion to remand is DENIED without prejudice to renewal as explained below.  Plaintiff's motion for an extension of time to serve the unserved Defendants is GRANTED.  Plaintiff shall serve the unserved Defendants by February 24, 2026, and shall file proofs of service by March 3, 2026.

Prior to service, Plaintiff may file an Amended Complaint to correct the name of Defendant Hernandez without filing a further motion seeking leave to do so.  If Plaintiff wishes, the Amended Complaint also may omit the federal claims against the unserved Defendants and the Hotel, in which case Plaintiff may renew the motion to remand as to those Defendants.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 7 and 21.

Dated: February 2, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

7